# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DIVISION OF OHIO
## WESTERN DIVISION

CRIMINAL CASE NO. 1:15-CR-1                    *ELECTRONICALLY FILED.*

UNITED STATES OF AMERICA,                    PLAINTIFF,

v.

MICHAEL R. HOYT,                                         DEFENDANT.

## **MOTION FOR BILL OF PARTICULARS**

Now comes the Defendant, Michael R. Hoyt, by and through counsel, and respectfully moves this Court to order the United States to provide a bill of particulars pursuant to 7 (f) of the Federal Rules of Criminal Procedure so that the defendant may be adequately prepared for trial. This Motion is supported by the following Memorandum in Support. A proposed order is also attached as is required by the local rules.

Respectfully submitted,

/s/ Martin S. Pinales
MARTIN S. PINALES (Ohio Bar No. 0024570)
CANDACE C. CROUSE (Ohio Bar No. 0072405)
ERIC G. ECKES (Ohio Bar No. 0091940)
Pinales, Stachler, Young, Burrell & Crouse Co., LPA
455 Delta Avenue, Suite 105
Cincinnati, Ohio  45226
Telephone: (513) 252-2750
Facsimile: (513) 252-2751
mpinales@pinalesstachler.com

Attorneys for Michael R. Hoyt

## **MEMORANDUM IN SUPPORT**

### I. Background.

On January 7, 2015, Hoyt was charged in a one count indictment under 18 U.S.C. 115(a)(1)(B), in which the United States alleged that Hoyt "threatened to murder a United States official, namely John Boehner, Speaker of the House of Representatives, with the intent to impede, intimidate, and interfere with such official while he was engaged in the performance of his official duties, and with the intent to retaliate against such official on account of the performance of his official duties." (Indictment, R. 12, PageID # 24). The United States alleges the threat occurred "on or about October 29, 2014." *Id*.

Hoyt has been provided some discovery prior to Arraignment. This discovery includes an allegation that he made a 911 call on October 29, 2014. This 911 call caused local police to be dispatched to Hoyt's home. According to the Deer Park Police Incident Report, an officer made contact with Hoyt outside his home in the backyard on October 29, 2014. Counsel believes the United States will argue that some of Hoyt's alleged words spoken to the Deer Park police officer on October 29, 2014 constitute a threat *under 18 U.S.C.(a)(1)(B)*.

As a result of Hoyt's encounter with the Deer Park police officer, he was taken to a hospital and signed into a lock down facility. According to police reports, Hoyt had additional law enforcement contact while in the lock down facility. Further statements are alleged on October 29, 2014 while Hoyt was in the hospital, but counsel does not believe the United States will argue these statements constitute the threat alleged in the indictment. In addition, there is an allegation that Hoyt sent an email to Debbie Boehner, Speaker Boehner's wife, on October 28, 2014. There is also a blog entry allegedly written

by Hoyt where he discusses at length issues at the Wetherington County Club and expresses his displeasure with having been fired. Counsel does not believe that the United States will argue that any portion of the email to Debbie Boehner or the blog constitutes the threat alleged in the indictment.

　　II.　　Argument.

A bill of particulars under Rule 7 (f) of the Federal Rules of Criminal Procedure "is appropriate to permit a defendant 'to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense.'" *United States v. Davidoff*, 845 F.2d 1151, 1154 (2nd Cir. 1988). *See also United States v. Haskins,* 345 F.2d 111, 114(6th Cir. 1965) (Bill of particulars is "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial.")

18 U.S.C. 115(a)(1)(B) requires the United States to prove (1) Hoyt threatened to murder Speaker Boehner, (2) Hoyt intended to impede, intimidate, or interfere with Speaker Boehner while he was engaged in the performance of his official duties [or intended the threat as an act of retaliation against Speaker Boehner on account of the performance of his official duties], and (3) the "threat could be reasonably construed by the person in receipt of the threat to be actually carried out." *United States v. Andrews*, 48 Fed. Appx. 151, 155 (6th Cir. Tenn. 2002).

Hoyt is requesting the following information be provided in a bill of particulars:

1. An exact description of the alleged threat to murder John Boehner including but not limited to the time and place of the alleged threat, the exact words spoken, and to whom the threat was communicated.

3

2. An explanation whether the United States intends to prove the threat was for the purpose of impeding, intimidating, or interfering with Speaker Boehner while he was engaged in the performance of his official duties, or whether the threat was for the purpose of retaliation against Speaker Boehner on account of performance of his official duties.

3. An explanation of the specific "performance of official duties" for which Speaker Boehner was engaged that Hoyt allegedly intended to impede, intimidate, or interfere with. Alternatively, an explanation of the specific "performance of official duties" that Hoyt was allegedly retaliating against.

Hoyt requires the requested information to adequately prepare for trial. For obvious reasons in the preparation of a defense, Hoyt be must be provided with an exact description of the alleged threat to murder Speaker Boehner, and confirmation about when, where, and to whom the threat was allegedly made. Further, the additional requested information is necessary to investigate, and potentially litigate at trial or before, whether Hoyt's alleged words were a "true threat" or would be protected by the First Amendment. Also, Hoyt is charged with a specific intent crime that offers alternative theories of prosecution. In order to prepare for trial, Hoyt must know under which theory the United States intends to proceed.

In sum, the circumstances surrounding the allegations in this case including Hoyt's mental state and his alleged subjective intent provide multiple potential defenses. These defenses must be investigated to prior to trial. The defense requires sufficient precision in the nature of the United State' allegation in order to conduct such an investigation.

III. **Conclusion.**

2. An explanation whether the United States intends to prove the threat was for the purpose of impeding, intimidating, or interfering with Speaker Boehner while he was engaged in the performance of his official duties, or whether the threat was for the purpose of retaliation against Speaker Boehner on account of performance of his official duties.

3. An explanation of the specific "performance of official duties" for which Speaker Boehner was engaged that Hoyt allegedly intended to impede, intimidate, or interfere with. Alternatively, an explanation of the specific "performance of official duties" that Hoyt was allegedly retaliating against.

Hoyt requires the requested information to adequately prepare for trial. For obvious reasons in the preparation of a defense, Hoyt be must be provided with an exact description of the alleged threat to murder Speaker Boehner, and confirmation about when, where, and to whom the threat was allegedly made. Further, the additional requested information is necessary to investigate, and potentially litigate at trial or before, whether Hoyt's alleged words were a "true threat" or would be protected by the First Amendment. Also, Hoyt is charged with a specific intent crime that offers alternative theories of prosecution. In order to prepare for trial, Hoyt must know under which theory the United States intends to proceed.

In sum, the circumstances surrounding the allegations in this case including Hoyt's mental state and his alleged subjective intent provide multiple potential defenses. These defenses must be investigated to prior to trial. The defense requires sufficient precision in the nature of the United State' allegation in order to conduct such an investigation.

III. **Conclusion.**

For the foregoing reasons, Defendant Michael R. Hoyt moves this Court to order the United States to provide the requested bill of particulars.

Respectfully submitted,

/s/ Martin S. Pinales
MARTIN S. PINALES (Ohio Bar No. 0024570)
CANDACE C. CROUSE (Ohio Bar No. 0072405)
ERIC G. ECKES (Ohio Bar No. 0091940)
Pinales, Stachler, Young, Burrell & Crouse Co., LPA
455 Delta Avenue, Suite 105
Cincinnati, Ohio  45226
Telephone: (513) 252-2750
Facsimile: (513) 252-2751
mpinales@pinalesstachler.com

Attorneys for Michael R. Hoyt

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the foregoing document was provided via the Court's electronic filing system upon the parties of record, on this 29th day of April, 2015.

/s/ Martin S. Pinales
MARTIN S. PINALES (Ohio Bar No. 0024570)