UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No. 1:15-CR-001 |
| | : | |
| | : | |
| v. | : | **UNITED STATES' RESPONSE** |
| | : | **IN OPPOSTION TO DEFENDANT'S** |
| | : | **MOTION FOR BILL OF** |
| **MICHAEL R. HOYT** | : | **PARTICULARS** |
| | : | |

_____

Now comes the United States of America, by and through counsel, and respectfully submits this response in opposition to the defendant's Motion for Bill of Particulars (Doc. 17).

Defendant has moved for a bill of particulars, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, requesting that the United States provide in a bill of particulars the exact description of the defendant's threat, the United States' theory of prosecution, and an explanation of the performance of John Boehner's official duties at issue.  (*Id.* at 3-4.)   This Court should deny the defendant's motion for a bill of particulars because the Indictment apprises the defendant of the nature of the charge against him to enable him to prepare a defense and to plead double jeopardy in any subsequent prosecution for the same offense, the defendant seeks general discovery beyond the scope of information obtainable in a bill of particulars, and the United States has produced ample discovery that renders a bill of particulars unnecessary.

## Memorandum

Under Rule 7 of the Federal Rules of Criminal Procedure, a court may direct the filing of a bill of particulars.   Fed. R. Crim. P. 7(f).   A bill of particulars serves three functions:    1) to insure that defendant understands the nature of the charges against him so that he can adequately prepare for trial; 2) to avoid or minimize the danger of unfair surprise at trial; and 3) to enable

the defendant to plead double jeopardy if he is later charged with the same crime when the indictment itself is too vague and indefinite for such purposes. *United States v. Birmley*, 529 F.2d l03, l08 (6th Cir. l976). "Thus, the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 Fed. Appx. 706, 724 (6th Cir. 2008) (citation omitted).

The scope of a motion for a bill of particulars is limited. The bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). Further, "[t]he bill of particulars is not intended as a means of learning the government's . . . theories." *Musick*, 291 Fed. Appx. at 724 (quotation omitted); *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991) (The Constitution does "not require the government to reveal the details of how it plans to prove its case."). As the Sixth Circuit noted, a bill of particulars "is not to be used as a general discovery device." *United States v. Hayes*, 1989 WL 105938, at * 3 (6th Cir. 1989); *see also United States v. Cooper*, 1990 WL 67885, at * 2 (6th Cir. 1990) (stating that a "bill of particulars is not a discovery device"). Additionally, a bill of particulars is not required when a defendant can obtain the information necessary for his defense through "some other satisfactory form." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991) (citation omitted).

Here, the defendant is aware of the facts and circumstances leading to this prosecution. The Indictment sets forth the date of the offense, the location of the offense, the nature of the defendant's threat, the subject of the defendant's threat, the defendant's intent in making the threat, and a citation to the offense charged. (Doc. 12.) The defendant's motion indicates that

2

he reasonably has anticipated the evidence to be introduced at trial. In addition, the Indictment is sufficiently detailed to prevent the defendant from being prosecuted a second time for the offense with which he is charged. Therefore, a bill of particulars is not necessary in order to avoid surprise at trial or to permit the defendant to prepare for trial.

The type of information that the defendant seeks in his motion is best characterized as a request for general discovery. For example, the defendant requests detailed information about his threat to murder John Boehner such as "the time and place of the alleged threat, the exact words spoken, and to whom the threat was communicated." (Doc. 17 at 3.) The defendant also requests specific information about the performance of John Boehner's official duties. (*Id.*) Such information is beyond the scope of information obtainable in a bill of particulars. *Hayes*, 1989 WL 105938, at * 3; *Cooper*, 1990 WL 67885, at * 2. To the extent the defendant seeks disclosure of the United States' theory of prosecution, such disclosure is not properly obtained through a motion for a bill of particulars. *Musick*, 291 Fed. Appx. at 724; *Glecier*, 923 F.2d at 502.

Finally, the United States has produced ample discovery beyond the requirements of Federal Rule of Criminal Procedure 16. For example, the United States has provided in discovery, among other information, the substance of statements made by the defendant, investigative reports, memoranda of interviews, and a press release from John Boehner concerning Ebola. The defendant can obtain the information necessary for his defense through discovery, which renders a bill of particulars unnecessary. *Canino*, 949 F.2d at 949.

Therefore, defendant's motion for a bill of particulars should be denied.

        Respectfully submitted,

        CARTER M. STEWART
        United States Attorney

        s/Deborah D. Grimes
        DEBORAH D. GRIMES (0078698)
        Assistant United States Attorney
        Attorney for Plaintiff
        221 East Fourth Street, Suite 400
        Cincinnati, Ohio 45202
        Office: (513) 684-3711
        Fax: (513) 684-6385
        E-mail: Deborah.Grimes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing United States' Response in Opposition to Defendant's Motion for Bill of Particulars was served this 13th day of May, 2015, electronically on all parties of record.

        s/Deborah D. Grimes
        DEBORAH D. GRIMES (0078698)
        Assistant United States Attorney