UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:15-cr-1 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| MICHAEL R. HOYT, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING IN PART THE CINCINNATI ENQUIRER'S APPLICATION TO UNSEAL RECORDS (Doc. 29)**

This criminal case is before the Court on non-party Cincinnati Enquirer's application to unseal Defendant Michael Hoyt's forensic mental health evaluation (Doc. 29), and the parties' responsive memoranda (Docs. 31, 32).[1]

### I. BACKGROUND

Defendant Michael Hoyt was charged with one count of threatening to murder a United States official in violation of 18 U.S.C. § 115(a)(1)(B) and (b)(4). (Doc. 12). On July 13, 2015, the Court presided over a bench trial as to this charge. The Government presented the parties' stipulation that the statement of facts (Joint Exhibit A) establishes proof of each element of the alleged offense beyond a reasonable doubt. (Doc. 26). Defendant presented the parties' stipulation that the Forensic Report (Joint Exhibit B) establishes that Defendant is not guilty only by reason of insanity. (Doc. 27). The Forensic Report was prepared by Dr. Shawn E. Channell, Forensic Psychologist, Federal

---

[1] The Government did not file a response (although at trial the Government joined with Defendant in arguing to keep the forensic mental health evaluation under seal).

Medical Center, Devens, Massachusetts, and had been filed under seal.  (Doc. 15).[2]

During the bench trial, Defendant moved for the Forensic Report to remain under seal.  The Government did not oppose Defendant's request, noting its concern that, if the Forensic Report were unsealed, Defendant's medical records would be open to the general public.  The Court admitted the Forensic Report under seal in order to protect Defendant's private medical information.  Nonetheless, the Court read significant portions of the Forensic Report into the record as a means to support the Court's conclusion that Defendant was not guilty only by reason of insanity.  Specifically, the Court read into the unsealed record extensive information from the Forensic Report regarding Defendant's medical and mental health history, the examiner's diagnostic impression, prognosis, and recommendations, accounts of the alleged offense, and the examiner's ultimate opinion as to Defendant's sanity at the time of the alleged offense.[3]

---

[2] The Forensic Report consists of an eleven-page report as to Defendant's competency to stand trial and a seven-page addendum as to Defendant's mental state at the time of the offense.  The addendum is to be read in conjunction with the report.  (Doc. 15 at 13).  The Court sealed the report and the addendum at the time they were received, as is the Court's common practice.  *See* Fed. R. Crim. P. 49.1(d) ("The court may order that a filing be made under seal without redaction.  The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."); *see also In re The Knoxville News–Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir.1983) ("trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know").

[3] The Court also noted that it intended to revisit its decision to admit the Forensic Report under seal.

## II. STANDARD OF REVIEW

Generally, the press and the public have a presumed right of access to judicial proceedings and documents. *Press–Enterprise Co. v. Superior Court of Cal. (Press–Enterprise II)*, 478 U.S. 1, 10 (1986). More specifically, there is a qualified right of public access to judicial proceedings, rooted in the First Amendment, if there is "a tradition of accessibility" to the nature of the proceedings involved; and if public access "plays a significant positive role in the functioning of the particular process in question" (hereinafter, the "experience and logic" test). *Id.* at 8–9.

Criminal proceedings and documents may be closed to the public without violating the First Amendment only if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press–Enterprise II*, 478 U.S. at 13–14 (quoting *Press-Enterprise Co. v. Superior Court (Press-Enterprise I)*, 464 U.S. 501, 510 (1984)). Specifically: (1) the closure must serve a compelling interest; (2) there must be a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there must be no alternatives to closure that would adequately protect the compelling interest. *Id.* at 14. The Court must not base its decision on conclusory assertions alone, but must make specific factual findings. *Id.*[4]

---

[4] There is also a common law right of access to judicial proceedings and documents that is left to the sound discretion of the trial court. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978). "Generally when courts decide issues involving the press's right to access they resolve them on First Amendment grounds rather than on the less protective common law basis." *United States v. Kaczynski*, 154 F.3d 930, 932–33 (9th Cir. 1998) (Reinhardt, concurring) (citations omitted).

## III. ANALYSIS

Defendant acknowledges that the proceedings at issue meet the *Press–Enterprise II* "experience and logic" test. (*See generally* Doc. 31). Instead, Defendant argues that sealing the Forensic Report is essential to preserve a higher value—namely, his privacy interest—and is narrowly tailored to serve that interest.

An individual has a constitutional right to privacy, which protects "the individual interest in avoiding disclosure of personal matters." *Whalen v. Roe*, 429 U.S. 589, 599 (1977). Specifically, an individual has a right to privacy in his medical information. *Doe v. Delie*, 257 F.3d 309, 315 (3rd Cir. 2001).

In *United States v. Curran ("Curran I")*, No. CR-06-227-PHX-EHC, 2006 U.S. Dist. LEXIS 26138, at *15 (D. Ariz. May 2, 2006), the court found that the defendant's right to privacy "which includes his right to avoid the disclosure of his personal, psychiatric information, constitutes a 'higher value' and that closure of the mental competency hearing is essential to protect that value." Accordingly, the court in *Curran I* granted the defendant's motion to seal his competency report and the competency hearing. *Id.* at *17. In reaching that conclusion, the court noted that greater protections are afforded to psychological records due to the stigma attached to mental illness. *Id.* at *14.

Here, this Court finds that the Forensic Report discusses Defendant's medical records in detail. The Court also finds that the Forensic Report includes personal information about Defendant, his family, his family history, his work history, and his

contact with his attorneys. For these reasons, the Court finds that Defendant's privacy interest is "compelling" for the purposes of this inquiry.[5] The Court also finds that if the portions of the Forensic Report implicated by the Defendant's privacy interest—and not already read into the record by the Court—were unsealed, there is a substantial probability that Defendant's privacy interest would be harmed.

Last, the Court must consider whether sealing the Forensic Report is narrowly tailored to serve Defendant's privacy interest. Here, the Court has already read lengthy excerpts of the report into the record. Accordingly, the Court concludes that Defendant has not overcome the media's presumed First Amendment right of access, at least as to those portions of Forensic Report that the Court relied upon in finding him not guilty by reason of insanity.

Again, the *Curran* court's approach is helpful. As the Enquirer notes, the *Curran* court subsequently determined that the defendant's competency report and the transcript of the defendant's competency hearings, which it had initially sealed, should be released, with redactions. *See United States v. Curran* ("*Curran II*"), No. CR-06-227-PHX-EHC, 2006 U.S. Dist. LEXIS 36255, at *8 (D. Ariz. June 2, 2006) . The *Curran* court had initially found that there were no reasonable alternatives to sealing the records, but subsequently determined that the proposed redactions afforded such a reasonable

---

[5] The Enquirer also argues, without citation, by electing to pursue an insanity defense and asking the Court to rely on the Forensic Report in making its determination, Defendant put his medical records at issue and severely diminished any privacy interest he had in them. This argument is compelling, but criminal defendants do not surrender all of their privacy rights. *See United States v. Guerrero*, 693 F.3d 990, 1003 (9th Cir. 2012).

alternative. *Id.* at *7–8. The court then evaluated the defendant's proposed redactions using the First Amendment framework. This Court plans to proceed in the same manner.[6]

### IV. CONCLUSION

Accordingly:

1. Non-party Cincinnati Enquirer's application to unseal Defendant Michael Hoyt's forensic mental health evaluation (Doc. 29) is **GRANTED in part**, as set forth in this Order;

2. On or before March 31, 2016, the Defendant shall file proposed redactions to the Forensic Report under seal. The Court will unseal the portions of the Forensic Report (1) which are left unredacted by Defendant and (2) which Defendant redacts but which the Court finds should be unsealed nonetheless pursuant to the First Amendment.

**IT IS SO ORDERED.**

Date: 2/29/16                                *s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[6] *See also Kaczynski*, 154 F.3d at 932–33 (noting that the district court had redacted (1) information regarding third parties that was either private or had the potential to embarrass a person not before the court; and (2) information that concerned the defendant's privacy interests and had little or no relationship to the defendant's privacy interests or his motivation to commit the crime.)